AO 243 (Rev. 09/17)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | |
|---|---|---|
| Name *(under which you were convicted)*:<br>REGINALD LAMAR BROWN | | Docket or Case No.:<br>3:18-CR-89-J-34JRK |
| Place of Confinement:<br>JESUP FCI | Prisoner No.:<br>70581-081 | |
| UNITED STATES OF AMERICA | Movant *(include name under which convicted)* | |
| V. | REGINALD L. BROWN | |

**MOTION**   3:23-cv-1093-MMH-MCR

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF FLORIDA
   JACKSONVILLE DIVISION

   (b) Criminal docket or case number (if you know):  3:18-CR-89-J-34JRK

2. (a) Date of the judgment of conviction (if you know):  10/2/2019

   (b) Date of sentencing:  10/29/2020

3. Length of sentence:  18 MONTHS FCI & 36 MONTHS SUPERVISED PROBATION

4. Nature of crime (all counts):

   CONSPIRACY TO COMMIT MAIL AND WIRS FRAUD
   AIDING AND ABETTING MAIL FRAUD 2-12,14
   AIDING AND ABETTING WIRE FRAUD 15-27
   AIDING AND ABETTING MONEY LAUNDERING 28-33
   FAILURE TO FILE 1040 TAX RETURN 38

5. (a) What was your plea? (Check one)

   (1) Not guilty  ✔        (2) Guilty  ☐        (3) Nolo contendere (no contest)  ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ✔     Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ✔

8. Did you appeal from the judgment of conviction?    Yes ✓    No ☐

9. If you did appeal, answer the following:

   (a) Name of court: UNITED STATES COURT OF APPEALS, 11TH CIRCUIT

   (b) Docket or case number (if you know): 3-18-CR-89

   (c) Result: DENIED

   (d) Date of result (if you know): _____

   (e) Citation to the case (if you know): _____

   (f) Grounds raised:
   SEVERANCE
   SUFFICIENCY OF THE EVIDENCE
   SOPHISTICATED MEANS ENHANCEMENT
   MINOR ROLE REDUCTION

   (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ✓    No ☐

   If "Yes," answer the following:

   (1) Docket or case number (if you know): _____

   (2) Result: DENIED, OCTOBER TERM 2022

   (3) Date of result (if you know): _____

   (4) Citation to the case (if you know): _____

   (5) Grounds raised:
   SEVERANCE
   SUFFICIENCY OF EVIDENCE
   SOPHISTICATED MEANS ENHANCEMENT
   MINOR ROLE REDUCTION

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐    No ✓

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

AO 243 (Rev. 09/17)

(4) Nature of the proceeding: _____

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐     No ☑

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket of case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐     No ☑

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:     Yes ☐     No ☑

(2) Second petition:     Yes ☐     No ☑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:**   ATTORNEY FAILED TO FILE APPROPRIATE MOTIONS ON TIME

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
ATTORNEY BELL WAS GIVEN THE GOVERNMENT CASE THROUGH THE FOLLOWING  AREAS:
INDICTMENT, GRAND JURY TESTIMONY, DISCOVERY, GOVERNMENT WITNESS LIST GOVERNMENT
EXHIBIT LIST BUT FAILED TO FILE PRE-TRIAL MOTIONS TO OBJECT TO CERTAIN GOVERNMENT
EXHIBITS AND RECORDS BEING INTRODUCED DURING TRIAL. tHERE WAS A HEARING ON OR ABOUT
SEPTEMBER 6, 2019. THE CO-DEFENDANT MADE SEVERAL OBJECTIONS TO ALL BANK RECORDS AND
OTHER EVIDENCE BEING INTRODUCED DURING THE TRIAL. HOWEVER, THE OBJECTIONS FAIL ON ITS
FACE/DENIED BY THE COURT FOR HER FAILURE TO USE THE CORRECT TERMS TO PRESERVE THE
OBJECTIONS.ATTORNEY BELL WAS IN ATTENDANCE AND RECEIVED NOTICED OF THE ATTEMPTED
OBJECTIONS BUT FAILED TO OBJECT ON MY BEHALF. ATTORNEY BELL WAS KNOWLEGEABLE OF ALL
THE BANK RECORDS AS WELL AS OTHER EVIDENCE THAT WAS OUTSIDE OF THE SCOPE OF THE
INDICTMENT AND FAILED TO OBJECT ON RECORD. ATTORNEY BELL ENTERED EXHIBITS OUTSIDE THE
SCOPEOF THE INDICTMENT AS EVIDENCE.. ATTORNEY BELL NOT OBJECTING ALLOWED PREJUDICE
EVIDENCE AND EXHIBITS INTO THE RECORD THAT PREJUDICE THE JURY.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

COURT APPOINTED APPEAL'S ATTORNEY, VALERIE LINNEN STATED THAT SHE COULD NOT
ADDRESS THIS ISSUE BECAUSE THE TRIAL ATTORNEY FAILED TO PRESERVE THE ISSUE.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

COURT APPOINTED APPEALS ATTORNEY, VALARIE LINNEN STATED THAT SHE COULD NOT ADDRESS THIS ISSUE BECAUSE THE TRIAL ATTORNEY FAILED TO OBJECT/PRESERVE THE ISSUE.

**GROUND TWO:** INEPT TRIAL PERFORMANCE-POOR OPENING STATEMENT AND OPENING THE DOORS

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

MR. BELL USING TERMS LIKE " SHELL COMPANIES," " THAT HE SHOULD HAVE BEEN MORE SUSPICIOUS," SHE SUBMITTED FALSE INVOICES TO THE LENDER, " TEARFUL CONFESSIONS," " AND " FALSE INVOICES," " WHAT MAY HAVE MOTIVATED HER TO MISLEAD OR FAIL TO DISCLOSE" SET A BAD ATMOSPHERE FOR MY CASE. FROM THE ONSET, I, REGINALD LAMAR BROWN, MAINTAINED MY INNOCENCE. HOWEVER, MR. BELL PROCEEDED WITH HIS TRIAL STRATEGY OF CONCEDING GUILT, WHICH VIOLATED MY SIXTH AMENDMENT. ATTORNEY BELL FAILED TO CORRECT OPENING STATEMENT. ATTORNEY BELL NEVER REVIEWED HIS OPENING STATEMENT WITH CLIENT. ATTORNEY BELL FAILED TO GIVE CURATIVE INSTRUCTIONS FOR THE CREDIBILITY OF HIS CLIENT. ATTORNEY BELL INFERRED DOUBT DURING THE OPENING STATEMENT REGARDING HIS CLIENT TO THE JURY.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

(2)  If you did not raise this issue in your direct appeal, explain why:

COURT APPOINTED APPEALS ATTORNEY, VALARIE LINNEN STATED THAT SHE COULD NOT
ADDRESS THIS ISSUE BECAUSE THE TRIAL ATTORNEY FAILED TO OBJECT/PRESERVE THE ISSUE.

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☑

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☑

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☑

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☑

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this
issue:

COURT APPOINTED APPEALS ATTORNEY, VALARIE LINNEN STATED THAT SHE COULD NOT
ADDRESS THIS ISSUE BECAUSE THE TRIAL ATTORNEY FAILED TO OBJECT/PRESERVE THE ISSUE.

**GROUND THREE:** COUNSEL FAILED TO CONDUCT A REASONABLE INVESTIGATION.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

THE GOVERNMENT PROVIDED ATTORNEY TOM BELL WITH THE DISCOVERY ON OR ABOUT SEPTEMBER 10, 2019. EXCULPATORY EVIDENSE WAS SUBMITTED TO TOM BELL BY CURTIS FALLGATTER WAS REJECTED AND STATED THAT HE LACKED CONFIDENCE IN THE INFORMATION AND REFUSED TO REVIEW AND DISCUSS WITH CLIENT. THUS, MAKING DECISIONS WITHOUT CONSULTING CLIENT FIRST. IT IS THE POLICY OF THE DEPARTMENT OF JUSTICE WHEN ONE IS PERSONALLY AWARE OF SUSTANTIAL EVIDENCE THAT DIRECTLY NEGATES THE GUILT OF THE SUBJECT OF THE INVESTIGATION, THE INFORMATION MUST BE PRESENTED. ATTORNEY BELL NEGLECTED TO CROSS EXAMINE THE WITNESS, VALENTINO ROVERE ON THE RECORD DURING THE TRIAL.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

COURT APPOINTED APPEAL'S ATTORNEY, VALERIE LINNEN STATED THAT SHE COULD NOT ADRRESS THIS ISSUE BECAUSE THE TRIAL ATTORNEY FAILED TO PRESERVE THE ISSUE.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☑

AO 243 (Rev. 09/17)

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

COURT APPOINTED APPEALS ATTORNEY, VALARIE LINNEN STATED THAT SHE COULD NOT ADDRESS THIS ISSUE BECAUSE THE TRIAL ATTORNEY FAILED TO OBJECT/PRESERVE THE ISSUE.

_____

**GROUND FOUR:** FAILED TO OBJECT DURING TRIAL. THE JURY WAS PREJUDICED BY EXPOSURE TO INADMISSABLE EVIDENCE.

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

COUNSEL FAILED TO OBJECT TO COWEALTH AND BASIC PRODUCTS BANK STATEMENTS. THE INDICTMENT PERIOD WAS FROM 2012-2015. EVIDENCE SUBMITTED OUTSIDE OF THE INDICTMENT PERIOD WAS INADMISSABLE AND HAD KNOW MERITS TO THIS CASE.

(b)  **Direct Appeal of Ground Four:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐       No ☑

(2)  If you did not raise this issue in your direct appeal, explain why:

COURT APPOINTED APPEALS ATTORNEY, VALARIE LINNEN STATED THAT SHE COULD NOT ADDRESS THIS ISSUE BECAUSE THE TRIAL ATTORNEY FAILED TO OBJECT/PRESERVE THE ISSUE.

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐       No ☑

(2)  If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)   Did you receive a hearing on your motion, petition, or application?

   Yes ☐   No ☑

(4)   Did you appeal from the denial of your motion, petition, or application?

   Yes ☐   No ☑

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

   Yes ☐   No ☑

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

COURT APPOINTED APPEALS ATTORNEY, VALARIE LINNEN STATED THAT SHE COULD NOT
ADDRESS THIS ISSUE BECAUSE THE TRIAL ATTORNEY FAILED TO OBJECT/PRESERVE THE ISSUE

_____

13.   Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?  If so, which
      ground or grounds have not been presented, and state your reasons for not presenting them:

NO

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?      Yes ☐      No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:
CURTIS FALLGATTER AND ALAN CEBALLOS, 200 E. FORSYTH STREET, JACKSONVILLE FLORIDA 32202

(b) At the arraignment and plea:
CURTIS FALLGATTER AND ALAN CEBALLOS, 200 E. FORSYTH STREET, JACKSONVILLE, FLORIDA 32202

(c) At the trial:
THOMAS BELL 301 W. BAY STREET, SUITE 1460, JACKSONVILLE, FLORIDA 32202

(d) At sentencing:
CURTIS FALLGATTER AND ALAN CEBALLOS, 200 E. FORSYTH STREET, JACKSONVILLE, FLORIDA 32202

(e) On appeal:
VALARIE LINNEN, 841 PRUDENTIAL DRIVE, 12TH FLOOR, JACKSONVILLE, FLORIDA 32207

(f) In any post-conviction proceeding:
PRO SE

(g) On appeal from any ruling against you in a post-conviction proceeding:
PRO SE

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ☐      No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐      No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?      Yes ☐      No ☑

Page 11 of 13

18.  TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*
WITHIN THE YEAR.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1)  the date on which the judgment of conviction became final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

_____

or any other relief to which movant may be entitled.


_____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ 9/27/2023 _____ .

(month, date, year)


Executed (signed) on ___9/27/2023___ (date)


_____

Signature of Movant


If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

**GROUND FIVE:**

**FAILURE TO CALL EXPERT WITNESS. COUNSEL FAILED TO HIRE AN EXPERT WITNESS TO COUNTER THE TESTIMONY FROM THE PROSECUTION'S EXPERT. INADEQUATE TRIAL PREPARATION. FAILURE TO SECURE INDEPENDENT CERTIFIED PUBLIC ACCOUNTANT TESTIMONY.**

**SUPPORTING FACTS:**

MR. BELL, COURT APPOINTED ATTORNEY INFORMED THE PROBATION OFFICER WITHOUT MY KNOWLEDGE THAT THEY COULD START THE LOSS AT $265,000 BUT COULD NOT EXPLAIN TO DEFENDANT HOW HE ARRIVED AT THIS AMOUNT WITHOUT THE USE OF QUALITATIVE OR QUANTITATIVE INFORMATION PROVIDED BY THE COURT ASSIGNED CPA, MR. MYERS. ADDITIONALLY, MR. BELL FAILED TO UTILIZE THE COURT ASSIGNED ACCOUNTANT, TIMOTHY H. MYERS, CPA AS INSTRUCTED BY JUDGE KLINDT DURING AN IN-CAMERA HEARING. MR. BELL NEVER SCHEDULED A MEETING WITH REGINALD BROWN AND THE COURT ASSIGNED ACCOUNTANT AS ORDERED BY THE COURTS. MORE IMPORTANTLY, MR. MYERS WAS PAID BY THE COURT TO PROVIDE ACCOUNTING ASSISTANCE TO THE DEFENDANT. MR. MYERS NEVER MET WITH THE DEFENDANT AS INSTRUCTED BY JUDGE KLINDT. MORE IMPORTANTLY. MR. MYERS NEVER PROVIDED ANY INFORMATION FOR TRIAL AFTER MR. BELL INFORMED HIM THAT DEFENDANT HAD ISSUES WITH THE TESTIMONY WITH SPECIAL AGENT CASTIGLIA ESTIMATED EXPENSES FOR ITEMS PROVIDED FOR THE THREE (3) EVENTS, AND WEEKLY DUTIES MR. BROWN WAS TASKED AS A PART OF HIS EMPLOYMENT RESPONSIBILITIES WITH THE CODEFENDANT.

b) Direct Appeal on Ground five:

(1) if you appealed from the judgment of conviction, did you raise this issue?

Yes ___   No   X

(2) If you did not raise this issue in your direct appeal, explain why:

**THE COURT APPOINTED APPEAL'S ATTORNEY, VALERIE LINNEN STATED THAT SHE COULD NOT ADRRESS THIS ISSUE BECAUSE THE TRIAL ATTORNEY FAILED TO PRESERVE THE ISSUE. MUST BE ADDRESSED IN 2255.**

( C ) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ___   No X

If you answer to Question ( c ) (1) is Yes, state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result ( attach a copy of the court's opinion or order, if available ):

_____

( 3 ) Did you receive a hearing on your motion, petition, or application?

Yes _____   No X

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ____   No X

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal? Yes ___
No ___ X

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal
or raise this issue: **THE COURT APPOINTED APPEAL'S ATTORNEY, VALERIE
LINNEN STATED THAT SHE COULD NOT ADRRESS THIS ISSUE BECAUSE THE
TRIAL ATTORNEY FAILED TO PRESERVE THE ISSUE. MUST BE ADDRESSED IN
2255.**

**GROUND SIX:**

**COUNSEL FAILED TO PRESERVE APPELLATE REVIEW WITH APPROPRIATE OBJECTIONS. COUNSEL FAILURE TO OBJECT TO THE FORFEITURE IN ORDER TO PRESERVE TO BE HEARD IN THE APPEALS COURT.**

**SUPPORTING FACTS:**

IT WAS NECESSARY FOR THE COURT APPOINTED ATTORNEY, THOMAS BELL TO PRESERVE THE OBJECTION TO THE FORFEITURE AS TO NO LOSS DURING THE TRIAL. THE FAILURE OF THE ATTORNEY DENIED DEFENDANT HIS CONSTITUTIONAL RIGHT TO REFERENCE HONEYCUTT v. UNITED STATES. HONEYCUTT V. UNITED STATES, THE FEDERAL CRIMINAL ASSET FORFEITURE STATUTES WERE "LIMITED TO PROPERTY THE DEFENDANT HIMSELF ACTUALLY ACQUIRED AS THE RESULT OF THE CRIME." IN DOING SO, THE COURT REJECTED THE INTERPRETATION OF 10 COURTS OF APPEALS THAT PREVIOUSLY ALLOWED JOINT AND SEVERAL LIABILITY FOR FORFEITURE AMONG MEMBERS OF A CRIMINAL CONSPIRACY. RULING INSTEAD THAT FORFEITURE IS PERMITTED ONLY WHEN THE INDIVIDUAL CONSPIRATOR "ACQUIRED" OR "PERSONALLY BENEFIT[ED]" FROM THE FORFEITABLE PROPERTY, THE COURT SIGNIFICANTLY CURTAILED A POWERFUL TOOL USED BY PROSECUTORS IN MYRIAD CONTEXTS, INCLUDING WHITE-COLLAR OFFENSES. DEFENDANT DID NOT OWN ANY PART OF THE BUSINESS, NEVER SIGNED AND CONTRACT FOR THE BUSINESS, AND PROVIDED DOCUMENTION FOR THE WORK PERFORMED.

(b) Direct Appeal on Ground Six:

(1) if you appealed from the judgment of conviction, did you raise this issue?

Yes ___ No X

(2) If you did not raise this issue in your direct appeal, explain why:

**COURT APPOINTED APPEAL'S ATTORNEY, VALERIE LINNEN STATED THAT SHE COULD NOT ADRRESS THIS ISSUE BECAUSE THE TRIAL ATTORNEY FAILED TO PRESERVE THE ISSUE. MUST BE ADDRESSED IN 2255.**

( C ) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes____ No X

If you answer to Question ( c ) (1) is Yes, state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

**Docket or case number (if you know):** _____

**Date of the court's decision:** _____

**Result ( attach a copy of the court's opinion or order, if available ):**

**( 3 ) Did you receive a hearing on your motion, petition, or application?**

**Yes** _____   **No** X

(4) Did you appeal from the denial of your motion, petition, or application?

Yes _____ No X

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal? Yes ____
No ___ X

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: **THE COURT APPOINTED APPEAL'S ATTORNEY, VALERIE LINNEN STATED THAT SHE COULD NOT ADRRESS THIS ISSUE BECAUSE THE TRIAL ATTORNEY FAILED TO PRESERVE THE ISSUE. MUST BE ADDRESSED IN 2255.**

**GROUND SEVEN:**

**COUNSEL FAILED TO OBJECT TO ERRONEOUS LOSS. THE JURY WAS PREJUDICED BY EXPOSURE TO INADMISSABLE EVIDENCE.**

**SUPPORTING FACTS:**

COUNSEL AGREED TO START THE LOSS WITH THE PROBATION OFFICER, MS. ANDERSON PRIOR TO DISCUSSING WITH CLIENT. COUNSEL INFORMED THE PROBATION OFFICER THAT THEY COULD START THE LOSS AT $265,000 BUT COULD NOT EXPLAIN TO MR. BROWN HOW HE ARRIVED THERE. ADDITIONALLY, COURT APPOINTED COUNSEL FAILED TO UTILIZE THE COURT ASSIGNED ACCOUNTANT, TIMOTHY H. MYERS, CPA AS INSTRUCTED BY JUDGE KLINDT. MR. BELL NEVER SCHEDULED A MEETING WITH REGINALD BROWN AND THE COURT ASSIGNED ACCOUNTANT. ATTORNEY BELL FAILED TO OBJECT THE GOVERNMENT EXHIBIT 1A THRU 1I, WHICH WAS CLEARLY INADMISSABLE EVIDENCE. THE SBA 7A GUARANTEED LOAN AUTHORIZATION FORM WAS OUTSIDE THE INDICTMENT CHARGES. TOM BELL FAILED TO CROSS-EXAMINE THE GOVERNMENT WITNESS TO PROFFER, CORRECT, OR CHALLENGE ALL INFORMATION OUTSIDE THE ALLEDGED INICTMENT CHARGES DECEMBER 2013 THRU DECEMBER 2014. ATTORNEY BELL FAILED TO INVESTIGATE AND CROSS EXAMINE THE GOVERNMENT WITNESS CONSIDERING A LETTER DATED JUNE 12, 2015, ADDRESS TO THE LENDER AFFIRMING THAT THE CITY GRANT FUNDS COULD BE DISBURSED TO BORROWER WITH NO RESTRICTIONS. ATTORNEY BELL FAILED TO OBJECT ON RECORD TO LOSS IN THE AMOUNT $210,549.99 FROM THE CITY OF JACKSONVILLE. THE CITY OF JACKSONVILLE DISBURSEMENT AMOUNT OF $139,000 WAS OUTSIDE THE ALLEDGED INDICTMENT. ATTORNEY BELL FAILED TO QUESTION BIZCAPITAL ABOUT THE FUNDING RECEIVED ON AUGUST 25, 2015. THE AMOUNT OF $129,991.46. THIS WAS OUTSIDE THE TIME-FRAME OF THE INDICTMENT. DRAW 79, 80, 81, AND 82 WAS OUTSIDE THE TIME-FRAME OF THE INDICTMENT.

(b) Direct Appeal on Ground Seven:

(1) if you appealed from the judgment of conviction, did you raise this issue?

Yes ___ No  X

(2) If you did not raise this issue in your direct appeal, explain why:

**THE COURT APPOINTED APPEAL'S ATTORNEY, VALERIE LINNEN STATED THAT SHE COULD NOT ADRRESS THIS ISSUE BECAUSE THE TRIAL ATTORNEY FAILED TO PRESERVE THE ISSUE. MUST BE ADDRESSED IN 2255.**

( C ) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes_____ No X

If you answer to Question ( c ) (1) is Yes, state:

Type of motion or petition: _____
Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result ( attach a copy of the court's opinion or order, if available ):

_____

( 3 ) Did you receive a hearing on your motion, petition, or application?

Yes _____ No X

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ____ No X

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal? Yes ___
No ___ X

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: **THE COURT APPOINTED APPEAL'S ATTORNEY, VALERIE LINNEN STATED THAT SHE COULD NOT ADRRESS THIS ISSUE BECAUSE THE TRIAL ATTORNEY FAILED TO PRESERVE THE ISSUE. MUST BE ADDRESSED IN 2255.**

**GROUND EIGHT:**

**COUNSEL FAILED TO OBJECT. THE JURY WAS PREJUDICED BY EXPOSURE TO INADMISSABLE EVIDENCE.**

**SUPPORTING FACTS:**

COUNSEL FAILED TO OBJECT TO FALSE NUMBERS PRESENTED BY THE PROSECUTOR AT A REASONABLE TIME. THE SBA ORIGNALLY PAID THE GUARANTEE FEE TO BIZCAPITAL. THE SBA TOOK THE POSITION DURING THE IPERIA AUDIT THAT BIZCAPITAL MUST REFUND THE GUARANTEE FEE. THE MAIN CONTENTION INVOLVES A BRIDGE LOAN THAT WAS CLOSED (AND KEPT OPEN) THE SAME DAY AS THE SBA LOAN CLOSED.THE SBA COULD NOT BE A VICTIM. THE CLAIM WAS BOTH ERRONOUS AND PREJUDICIAL.THE SBA HAD NOTHING TO DO WITH THE CASE BECAUSE IT WAS OUTSIDE OF THE TIME-FRAME OF THE INDICTMENT AND THE 12 INVOICES CAME FROM THE BRIDGE LOAN ESTABLISHED BY BIZCAPITAL NOT SBA. THE SBA LOAN LOSS STATEMENT WAS DATED IN 2019 OUTSIDE OF THE SCOPE OF THE INDICTMENT.

(b) Direct Appeal on Ground Eight:

(1) if you appealed from the judgment of conviction, did you raise this issue?

Yes ___ No  X

(2) If you did not raise this issue in your direct appeal, explain why:

**THE COURT APPOINTED APPEAL'S ATTORNEY, VALERIE LINNEN STATED THAT SHE COULD NOT ADRRESS THIS ISSUE BECAUSE THE TRIAL ATTORNEY FAILED TO PRESERVE THE ISSUE. MUST BE ADDRESSED IN 2255.**

( C )  Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes____  No X

If you answer to Question ( c ) (1) is Yes, state:

Type of motion or petition: _____
Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result ( attach a copy of the court's opinion or order, if available ):

_____

( 3 ) Did you receive a hearing on your motion, petition, or application?

Yes _____ No _X_

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ____ No _X_

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal? Yes ___
No ___ X

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal
or raise this issue: **THE COURT APPOINTED APPEAL'S ATTORNEY, VALERIE
LINNEN STATED THAT SHE COULD NOT ADRRESS THIS ISSUE BECAUSE THE
TRIAL ATTORNEY FAILED TO PRESERVE THE ISSUE. MUST BE ADDRESSED IN
2255.**

**GROUND NINE:**

**COUNSEL FAILED TO INVESTIGATE MITIGATING EVIDENCE FOR TRIAL. THE JURY WAS PREJUDICED BY EXPOSURE TO INADMISSABLE EVIDENCE.**

**SUPPORTING FACTS:**

EXCULPATORY EVIDENCE SUBMITTED TO TOM BELL BY ATTORNEY CURTIS FALLGATTER WAS REJECTED AND HE STATED, "THE INFORMATION LACKED CONFIDENCE BY MR. FALLGATTER." TOM BELL REFUSED TO UTILIZE OR AT A MINIMUM QUESTION MR. CURTIS FALLGATTER REGARDING THE EVIDENCE FOR MY DEFENSE PREPARED BY HIS OFFICE. TOM BELL NEVER DISCUSSED THE MERITS OF THE INFORMATION PROVIDED BY CURTIS FALLGATTER. TOM BELL FAILED TO INVESTIGATE THE FUNDS DISBURESMENTS TO SHOW BUSINESS RELATED EXPENSES OPPOSED TO PERSONAL EXPENSES.

(b) Direct Appeal on Ground Nine:

(1) if you appealed from the judgment of conviction, did you raise this issue?

Yes ___ No X

(2) If you did not raise this issue in your direct appeal, explain why:

**THE COURT APPOINTED APPEAL'S ATTORNEY, VALERIE LINNEN STATED THAT SHE COULD NOT ADRRESS THIS ISSUE BECAUSE THE TRIAL ATTORNEY FAILED TO PRESERVE THE ISSUE. MUST BE ADDRESSED IN 2255.**

( C ) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes___ No X

If you answer to Question ( c ) (1) is Yes, state:

Type of motion or petition: _____
Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result ( attach a copy of the court's opinion or order, if available ):

_____

( 3 ) Did you receive a hearing on your motion, petition, or application?

Yes _____ No  X

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ____ No  X

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal? Yes ____
No ___ X

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal
or raise this issue: **THE COURT APPOINTED APPEAL'S ATTORNEY, VALERIE
LINNEN STATED THAT SHE COULD NOT ADRRESS THIS ISSUE BECAUSE THE
TRIAL ATTORNEY FAILED TO PRESERVE THE ISSUE. MUST BE ADDRESSED IN
2255.**

**GROUND TEN:**

**THE JURY WAS PREJUDICED BY EXPOSURE TO INADMISSABLE EVIDENCE.**

**SUPPORTING FACTS:**

COUNSEL FAILED TO USE THE PRESENTATION TO GATHER RECEIPTS AND
CONTRACTS WITH ENTERTAINERS AND PRESENTED THEM TO THE JURY SO THEY
COULD SEE HOW FUNDS WERE SPENT. THE DEFENDANT CONTINUED TO STAND
FIRMLY THAT THERE WAS NO LOSS OR NO INTENDED LOSS. EXCULPATORY
EVIDENCE SUBMITTED TO TYSEN DUVA BY ATTORNEY CURTIS FALLGATTER WAS
NEVER PRESENTED TO THE GRAND JURY. EXCULPATORY EVIDENCE SUBMITTED
TO TOM BELL BY ATTORNEY CURTIS FALLGATTER WAS REJECTED AND NEVER
REFERENCED. DEFENDANT INFORMED AND SHOWED EVIDENCE OF WORK
PERFORMED DURING THE PERIOD TO TOM BELL PRIOR TO THE TRIAL. THOMAS
BELL FAILED TO SHOW EVIDENCE TO THE JURY WHICH PREJUDICE THE CASE.

(b) Direct Appeal on Ground Ten:

(1) if you appealed from the judgment of conviction, did you raise this issue?

Yes ___   No  X

(2) If you did not raise this issue in your direct appeal, explain why:

**THE COURT APPOINTED APPEAL'S ATTORNEY, VALERIE LINNEN STATED THAT
SHE COULD NOT ADRRESS THIS ISSUE BECAUSE THE TRIAL ATTORNEY
FAILED TO PRESERVE THE ISSUE. MUST BE ADDRESSED IN 2255.**

( C ) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes_____   No X

If you answer to Question ( c ) (1) is Yes, state:

Type of motion or petition: _____
Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result ( attach a copy of the court's opinion or order, if available ):

_____

( 3 ) Did you receive a hearing on your motion, petition, or application?

Yes _____   No _X_

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ____ No _X_

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal? Yes ____
No ___ X

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: **THE COURT APPOINTED APPEAL'S ATTORNEY, VALERIE LINNEN STATED THAT SHE COULD NOT ADRRESS THIS ISSUE BECAUSE THE TRIAL ATTORNEY FAILED TO PRESERVE THE ISSUE. MUST BE ADDRESSED IN 2255.**

**GROUND ELEVEN:**

**THE JURY WAS PREJUDICED BY EXPOSURE TO INADMISSABLE EVIDENCE.**

**SUPPORTING FACTS:**

COUNSEL FAILED TO OBJECT OR CHALLENGE THE SBA LOSS OF 1.5 MILLION WHICH WAS OUTSIDE THE SCOPE OF THE ALLEDGED CONSPIRACY WINDOW. DURING THE MONTH OF JUNE 2019, THE (SBA), SMALL BUSINESS ADMINISTRATION ASSERTED A CLAIM AGAINST BIZCAPITAL TO ESSENTIALLY RECAPTURE $782,00 OF THE MONEY THAT THEY PAID ON THE GUARANTY. THE ALLEDGED FORMAL ACCUSATION PERIOD WAS DECEMBER 2013 THRU DECEMBER 2014. ALL EVIDENCE REGARDING THE SBA SHOULD HAVE BEEN OBJECTED BY THOMAS BELL, COURT APPOINTED COUNSEL AND NOT PRESENTED TO JURY. HIS FAILURE TO PRESENT EVIDENCE PREJUDICE THE CASE.

(b) Direct Appeal on Ground Eleven:

(1) if you appealed from the judgment of conviction, did you raise this issue?

Yes ___   No  X

(2) If you did not raise this issue in your direct appeal, explain why:

**THE COURT APPOINTED APPEAL'S ATTORNEY, VALERIE LINNEN STATED THAT SHE COULD NOT ADRRESS THIS ISSUE BECAUSE THE TRIAL ATTORNEY FAILED TO PRESERVE THE ISSUE. MUST BE ADDRESSED IN 2255.**

( C ) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ___   No X

If you answer to Question ( c ) (1) is Yes, state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result ( attach a copy of the court's opinion or order, if available ):

_____

( 3 ) Did you receive a hearing on your motion, petition, or application?

Yes _____    No  X

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ____  No  X

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal? Yes ____
No ___  X

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: **THE COURT APPOINTED APPEAL'S ATTORNEY, VALERIE LINNEN STATED THAT SHE COULD NOT ADRRESS THIS ISSUE BECAUSE THE TRIAL ATTORNEY FAILED TO PRESERVE THE ISSUE. MUST BE ADDRESSED IN 2255.**

**GROUND TWELVE:**

**COUNSEL'S FAILURE TO PRESENT CO-DEFENDANT TESTIMONY AT TRIAL UNDULY PREJUDICE THE DEFENDANT.**


**SUPPORTING FACTS:**

THE COURT AND THE GOVERNMENT NOTED IN ITS RESPONSE THAT TOM BELL AFFIRMATIVELY REPRESENTED HE WOULD CALL MS. BROWN AS A WITNESS. COUNSEL FAILED TO AFFIRMATTIVELY STATE IN THREE SEPARATE MOTIONS FOR SERVERANCE THAT HE INTENDED TO CALL CO-DEFENDANT AS A WITNESS. TOM BELL, COURT APPOINTED ATTORNY ASSUMED THAT FILING THE MOTION ITSELF WAS REPRESENTATION. COUSEL STATED HE WOULD CALL HER AS A WITNESS TO OFFER TESTIMONY CONSISTENT WITH THE AFFIDAVITS THAT THE CO-DEFENDANT OFFERED. THERE WAS A BONA FIDE NEED FOR MS. BROWN TESTIMONY AND SHE WAS WILLING TO TESTIFY AT A SEPARATE TRIAL. MR. BELL FAILED TO CALL WITNESS, ANN SMILEY TO AFFIRM THE AFFIDAVITS WRITTEN BY THE CO-DEFENDANT. MS. ANN SIMELY WAS AT THE COURT HOUSE AND AVBAILABLE TO SERVE AS A WITNESS.

(b) Direct Appeal on Ground Twelve:

(1) if you appealed from the judgment of conviction, did you raise this issue?

Yes ___   No  X

(2) If you did not raise this issue in your direct appeal, explain why:

**THE COURT APPOINTED APPEAL'S ATTORNEY, VALERIE LINNEN STATED THAT SHE COULD NOT ADRRESS THIS ISSUE BECAUSE THE TRIAL ATTORNEY FAILED TO PRESERVE THE ISSUE. MUST BE ADDRESSED IN 2255.**

( C ) Post-Conviction Proceedings:

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes____   No X

      If you answer to Question ( c ) (1) is Yes, state:

      Type of motion or petition: _____
      Name and location of the court where the motion or petition was filed:

      _____

      Docket or case number (if you know): _____
      Date of the court's decision: _____
      Result ( attach a copy of the court's opinion or order, if available ):

( 3 ) Did you receive a hearing on your motion, petition, or application?

Yes _____ No  X

(4) Did you appeal from the denial of your motion, petition, or application?

Yes _____ No  X

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal? Yes _____ No _____ X

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: **THE COURT APPOINTED APPEAL'S ATTORNEY, VALERIE LINNEN STATED THAT SHE COULD NOT ADRRESS THIS ISSUE BECAUSE THE TRIAL ATTORNEY FAILED TO PRESERVE THE ISSUE. MUST BE ADDRESSED IN 2255.**

**GROUND THRITEEN:**

**COUNSEL'S FAILURE TO OBJECT AT TRIAL.**

**SUPPORTING FACTS:**

COUNSEL FAILED TO CHALLENGE THE IRS AGENT REGARDING TESTIMONY THAT I NEVER PROVIDED ANY RECEIPTS OR EVIDENCE FOR DISBURSEMENT TO MUSICAL ARTIST OR BUSINESS EXPENSE DURING THE BARBEQUE FESTIVAL OR ANY BUSINESS ACTIVITY AFTER BEING CORRECTED BY THE CLIENT. THE DEFENDANT PRESENTED CONTRACTS, DOCUMENTATION, RECEIPTS, AND PHOTOS OF WORK PERFORMED AND EVENTS HELD TO TOM BELL PRIOR TO THE TRIAL. TOM BELL FAILED TO OBJECT TO THE GOVERNMENT PRESENTING EVIDENCE THAT I WAS AWARE OF THE ORDINANCE AND THE FUNDING SOURCE, INCLUDING THE CITY OF JACKSONVILLE GRANT, AND THUS WAS AWARE THAT AT SOME POINT DRAWS FROM SBA LOAN WOULD TRIGGER A FUNDING TO AND PAYMENT BY THE CITY OF JACKSONVILLE OF THE GRANT MONEY. THIS FAILURE CREATED A NEXUS FOR THE JURY TO REASONABLY INFER INTENT TO DEFRAUD.

(b) Direct Appeal on Ground Thirteen:

(1) if you appealed from the judgment of conviction, did you raise this issue?

Yes ___   No  X

(2) If you did not raise this issue in your direct appeal, explain why:

**THE COURT APPOINTED APPEAL'S ATTORNEY, VALERIE LINNEN STATED THAT SHE COULD NOT ADRRESS THIS ISSUE BECAUSE THE TRIAL ATTORNEY FAILED TO PRESERVE THE ISSUE. MUST BE ADDRESSED IN 2255.**

( C ) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes_____   No X

If you answer to Question ( c ) (1) is Yes, state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

( 3 ) Did you receive a hearing on your motion, petition, or application?

Yes _____   No  X

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ____  No  X

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal? Yes ____
No ____ X

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal
or raise this issue: **THE COURT APPOINTED APPEAL'S ATTORNEY, VALERIE
LINNEN STATED THAT SHE COULD NOT ADRRESS THIS ISSUE BECAUSE THE
TRIAL ATTORNEY FAILED TO PRESERVE THE ISSUE. MUST BE ADDRESSED IN
2255.**

**GROUND FOURTEEN:**

**COUNSEL FAILED TO PURSUE DEFENSES AVAILABLE TO DEFENDANT. COUNSELED FAILED TO PURSUE IDENTIFIABLE DEFENSE STRATEGY.**

**SUPPORTING FACTS:**

DEFENDANT ADVISED TOM BELL, APPOINTED COUNSEL TO USE THE "MISTAKE OF FACT" AS ONE OF THE DEFENSES DURING THE TRIAL. COUNSEL FAILED TO PRESENT THE EVIDENCE PROVIDED BY CURTIS FALLGATTER TO THE PROSECUTOR ON JULY 21, 2017, THOMAS BELL WAS ACTING AS A THIRD PROSECUTOR TO ENSURE A CONVICTION FOR THE PROSECUTOR. ALTHOUGH I HELD THE POSITION OF NOT GUILTY THROUGHOUT THE TRIAL, MR. BELL NEVER READ THE EXCULPATORY EVIDENCE ESTABLISHED BY PRIOR COUNSEL, MR. FALLGATTER. FUTHERMORE, THERE WAS NOT INTENT OR MENTAL STATE REQUIRED TO COMMIT THE CRIME. THE INSTRUCTIONS SHOULD HAVE BEEN PRESENTED DURING THE TRIAL. MR. BELL FAILED THREE TIMES TO INFORM JUDGE HOWARD THAT KATRINA BROWN, CO-DEFENDANT STATED THAT SHE HAD PROVIDED 3 AFFIDAVITS AND WAS WILLING TO PARTICIPATE IN AN IN-CAMERA HEARING STATING CODEFENDANT REGINALD BROWN WAS WITHOUT KNOWLEDGE OF HER BUSINESS VENTURE, SHE WAS WILLING TO PROVIDE SERVICES FOR HIS WAGES. CO-DEFENDANT WAS WILLING TO STATE HE WAS A CONTRACTED EMPLOYEE WHO HAD NOT PERSONALLY RECEIVED ANY PROFITS FROM THEIR BUSINESS AND HE WAS WITHOUT KNOWLEDGE REGARDING THE INVOICES SHE SUBMITTED. ADDITIONALLY, I REQUESTED AND WAS GRANTED AN IN-CAMERA HEARING WITH JUDGE KLINDT REGARDING MY CONCERNS WITH BOTH THE PROSECUTOR AND THE COURT APPOINTED ATTORNEY. MY RECOMMENDED DEFENSE WAS IGNORED BY COUNSEL AND THE TRIAL WAS PERSUED WITHOUT A DEFENSE. THOMAS BELL STRATEGY WAS TO ATTACK THE CO-DEFENDANT. HAVING COMPLETE KNOWLEDGE CO-DEFENDANT FILED PRO SE, HE REFUSED TO OBJECT WHEN HE KNEW CO-DEFENDANT LACKED THE REQUIRED SKILLS TO PRESERVE ISSUES.

(b) Direct Appeal on Ground Fourteen:

(1) if you appealed from the judgment of conviction, did you raise this issue?

Yes ___  No  X

(2) If you did not raise this issue in your direct appeal, explain why:

**THE COURT APPOINTED APPEAL'S ATTORNEY, VALERIE LINNEN STATED THAT SHE COULD NOT ADRRESS THIS ISSUE BECAUSE THE TRIAL ATTORNEY FAILED TO PRESERVE THE ISSUE. MUST BE ADDRESSED IN 2255.**

( C ) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes_____  No X

If you answer to Question ( c ) (1) is Yes, state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result ( attach a copy of the court's opinion or order, if available ):

_____

( 3 ) Did you receive a hearing on your motion, petition, or application?

Yes _____    No  X

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ____    No  X

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal? Yes ____
No ___ X

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: **THE COURT APPOINTED APPEAL'S ATTORNEY, VALERIE LINNEN STATED THAT SHE COULD NOT ADRRESS THIS ISSUE BECAUSE THE TRIAL ATTORNEY FAILED TO PRESERVE THE ISSUE. MUST BE ADDRESSED IN 2255.**

**GROUND FIFTEEN:**

**OPENING THE DOOR: ATTORNEY TOM BELL OPENED DOOR TO PREJUDICIAL INFORMATION ABOUT THE ACCUSED. COUSEL DIVULGED INFORMATION FROM THE 302 WHEN HE DID NOT HAVE THE AUTHORITY TO (intimate relationship)**

**SUPPORTING FACTS:**

MOTION IN LIMINE TO EXCLUDE EVIDENCE OF REFERENCE TO FBI FORM 302 REPORTS. TOM BELL REFERENCE FBI FORM 302 REPORTS WITHOUT CONFERRING WITH CLIENT. THE GOVERNMENT COULD NOT BRING IN FORM 302. "THE GOVERNMENT WILL NOT SEEK TO INTRODUCE THESE STATEMENTS IF REGINALD BROWN DOES NOT TESTIFY." I REQUESTED AND WAS GRANTED AN IN-CAMERA HEARING WI        TH JUDGE KLINDT REGARDING MY CONCERNS WITH BOTH THE PROSECUTOR AND THE COURT APPOINTED ATTORNEY. THIS INFORMATION WAS PREJUDICE AND INFERRED THE NEXUS TO THE CASE WITH THE JURY.

(b) Direct Appeal on Ground fifteen:

(1) if you appealed from the judgment of conviction, did you raise this issue?

Yes ____   No   X

(2) If you did not raise this issue in your direct appeal, explain why:

**THE COURT APPOINTED APPEAL'S ATTORNEY, VALERIE LINNEN STATED THAT SHE COULD NOT ADRRESS THIS ISSUE BECAUSE THE TRIAL ATTORNEY FAILED TO PRESERVE THE ISSUE. MUST BE ADDRESSED IN 2255.**

( C ) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes_____   No X

If you answer to Question ( c ) (1) is Yes, state:

Type of motion or petition: _____
Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result ( attach a copy of the court's opinion or order, if available ):

_____

( 3 ) Did you receive a hearing on your motion, petition, or application?

Yes _____   No  X

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ____  No  X

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal? Yes ____
No ___  X

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal
or raise this issue: **THE COURT APPOINTED APPEAL'S ATTORNEY, VALERIE
LINNEN STATED THAT SHE COULD NOT ADRRESS THIS ISSUE BECAUSE THE
TRIAL ATTORNEY FAILED TO PRESERVE THE ISSUE. MUST BE ADDRESSED IN
2255.**

**GROUND SIXTEEN:**

**INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL. FAILURE TO PRESENT SIGNIFICANT AND OBVIOUS ISSUES.**

**SUPPORTING FACTS:**

THE APPEALS ASSIGNED COURT APPOINTED ATTORNEY, VALARIE LINNEN, DID NOT RAISE THE AMOUNT OF FORFEITURE DURING THE APPEAL. SHE STATED THAT THE UNDERSIGNED COUNSEL, TOM BELL FAILED TO MAKE OBJECTIONS. ALSO, SHE DID NOT ARGUE THE INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE THE 11TH CIRCUIT WILL NOT CONSIDER THIS. IT IS AN ISSUE THAT REQUIRES AN EVIDENTRY HEARING REGARDING MR. BELL'S TRIAL STRATEGY AND CANNOT BE RESOLVE DURING DIRECT APPEAL. ACCORDING TO VALARIE LINNEN, "THERE WAS NO OBJECTION MADE DURING THE TRIAL OR AT SENTENCING. **HOWEVER, ORDER GRANTING {409} Motion to adopt as to Reginald Brown (2); deeming adopted by Reginald Brown. On OCTOBER 21, 2020. THE ORDER WAS SIGNED BY JUDGE JAMES R. KLINDT.**

(b) Direct Appeal on Ground Sixteen:

(1) if you appealed from the judgment of conviction, did you raise this issue?

Yes ___   No  X

(2) If you did not raise this issue in your direct appeal, explain why:

**THE COURT APPOINTED APPEAL'S ATTORNEY, VALERIE LINNEN STATED THAT SHE COULD NOT ADRRESS THIS ISSUE BECAUSE THE TRIAL ATTORNEY FAILED TO PRESERVE THE ISSUE. MUST BE ADDRESSED IN 2255.**

( C ) Post-Conviction Proceedings:

(2) Did you raise this issue in any post-conviction motion, petition, or application?

Yes____   No X

If you answer to Question ( c ) (1) is Yes, state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result ( attach a copy of the court's opinion or order, if available ):

_____

( 3 ) Did you receive a hearing on your motion, petition, or application?

Yes _____    No _X_

(4) Did you appeal from the denial of your motion, petition, or application?

 Yes ____  No _X_

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal? Yes ___
No ___X

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal
or raise this issue: **THE COURT APPOINTED APPEAL'S ATTORNEY, VALERIE
LINNEN STATED THAT SHE COULD NOT ADRRESS THIS ISSUE BECAUSE THE
TRIAL ATTORNEY FAILED TO PRESERVE THE ISSUE. MUST BE ADDRESSED IN
2255.**

**GROUND SEVENTEEN:**

**ATTORNEY BELL FAILED TO CROSS EXAM THE FOLLOWING WITNESS: FRANK PALMISANO, VALENTINO RIVERA, JANE BOUDA, AND SARA TALBOT.**

**SUPPORTING FACTS:**

ATTORNEY BELL FAILED TO CROSS EXAM THE WITNESSES FROM BIZCAPITAL OR THE CITY OF JACKSONVILLE. ON JUNE 12, 2015, JANE BOUDA, CONTRACT COMPLIANCE MANAGER FOR THE CITY OF JACKSONVILLE, PROVIDED A LETTER TO BORROWER THAT WAS ADDRESSED TO LENDER AFFIRMING THAT THE GRANT FUNDS COULD BE DISBURSED TO BORROWER WITH NO USE RESTRICTIONS. THE PROSECUTOR DID NOT OBJECT FOR THE FAILURE OF JANE BUDA NOT STATING THERE WERE NO RESTRICTIONS. ATTORNEY BELL FAILED TO INVESTIGATE OR QUESTION BIZCAPITAL OR JANE BUDA ABOUT THE LETTER. ATTORNEY BELL FAILED TO INVESTIGATE THE $147, 333.68. TOM BELL FAILED TO OBJECT TO THE 12 INVOICES AND INDICTMENT CHARGES BEING OUTSIDE OF THE TIME FRAME OF THE INDICTMENT. THE COURT APPOINTED CPA, TIMOTHY MEYERS WAS NOT USED BY ATTORNEY TOM BELL TO CONFIRM OR OBJECT TO THE ACTUAL LOSS AMOUNT. THOMAS BELL NOT OBJECTING ALLOWED PREJUDICE EVIDENCE IN THE RECORD. MR. BELL ALLOWED THE CITY OF JACKSONVILLE DISBURSEMENT, INVOICE #2 $63,216.35 TO BE INCLUDED IN THE SENTENCING AS A LOSS AMOUNT. BUT FOR THE FAILURE OF MR. BELL TO UTILIZE THE ASSIGNED COURT APPOINTED CPA, THESE MATTERS COULD HAVE BEEN ADDRESSED AND PREJUDICE EVIDENCE WOULD NOT BEEN PUT ON THE RECORD AND PRESENTED TO THE JURY.

(b) Direct Appeal on Ground Seventeen:

(1) if you appealed from the judgment of conviction, did you raise this issue?

Yes ___ No X

(2) If you did not raise this issue in your direct appeal, explain why:

**THE COURT APPOINTED APPEAL'S ATTORNEY, VALERIE LINNEN STATED THAT SHE COULD NOT ADRRESS THIS ISSUE BECAUSE THE TRIAL ATTORNEY FAILED TO PRESERVE THE ISSUE. MUST BE ADDRESSED IN 2255.**

( C ) Post-Conviction Proceedings:

(3) Did you raise this issue in any post-conviction motion, petition, or application?

Yes____ No X

If you answer to Question ( c ) (1) is Yes, state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result ( attach a copy of the court's opinion or order, if available ):

_____

( 3 ) Did you receive a hearing on your motion, petition, or application?

Yes _____   No  X

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ____  No  X

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal? Yes ____
No ___ X

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal
or raise this issue: **THE COURT APPOINTED APPEAL'S ATTORNEY, VALERIE
LINNEN STATED THAT SHE COULD NOT ADRRESS THIS ISSUE BECAUSE THE
TRIAL ATTORNEY FAILED TO PRESERVE THE ISSUE. MUST BE ADDRESSED IN
2255.**