UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REGINALD LAMAR BROWN

v.                                    Case No. 3:23-cv-1093-MMH-MCR

UNITED STATES OF AMERICA

**UNITED STATES' MEMORANDUM OF LAW IN OPPOSITION
TO PETITIONER'S MOTION TO FILE NOTICE**

*Pro se* petitioner Reginald Brown has moved for leave to file a notice regarding the United States' motion to withdraw the appearance of one of its attorneys of record. *See* Dkt. 16 (Pet.'s Mot.); Dkt. 15 (U.S.'s Mot. to Withdraw). He further asks the court to take judicial notice of the withdrawal. Pet.'s Mot. at 3-4. The United States opposes the petitioner's motion for a variety of reasons.

First, although the petitioner repeatedly states that the proposed notice was "attached" to his motion, *see* Pet.'s Mot. at 1-2, the notice was neither served on the United States nor docketed with the petitioner's motion. That is, the United States does not have a copy of the notice or know what it says. Until a copy of the notice is provided, the United States must oppose its filing.

Second, the petitioner's citation of authority to file his proposed notice is wanting. He claims that under Local Rule 3.01(a), he may seek leave to "file additional or supplemental materials where such filings are necessary to aid the Court's determination of issues already before it." Pet.'s Mot. at 2. The petitioner

is mistaken. Rule 3.01(a) says nothing of the sort, but instead governs the length and basic content of motions, briefs, and objections.

Third, the petitioner cites no cogent reason for the court to take judicial notice of the attorney's proposed withdrawal. He claims the withdrawal "is a material procedural development in this case," but does not explain what that means or why it matters. *See* Pet.'s Mot. at 3. Further, he claims that "notice is proper to preserve the integrity of the record," *id.*, which makes his request sound important, when it is not. The record is the record. The court does not need to take notice of something in the record "to preserve the integrity of the record."

In summary, the petitioner's motion has no merit, and the United States respectfully requests that it be denied. His §2255 petition is ripe for decision and the withdrawal of one government lawyer is not a reason to reopen and supplement the well-developed record in the case.

                              Respectfully submitted,

                              GREGORY W. KEHOE
                              United States Attorney

By:   */s/ Michael J. Coolican*
       MICHAEL J. COOLICAN
       Assistant United States Attorney
       USA No. 156
       300 N. Hogan Street, Suite 700
       Jacksonville, Florida 32202
       Telephone: (904) 301-6300
       Facsimile: (904) 301-6310
       E-mail: michael.coolican@usdoj.gov

**REGINALD BROWN V. U.S.**        Case No. 3:23-cv-1093-MMH-MCR

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2025, I caused a true and correct copy of the foregoing document and the notice of electronic filing to be sent by United States Mail to Reginald Brown, a non-CM/ECF participant.

                           */s/ Michael J. Coolican*
                           MICHAEL J. COOLICAN
                           Assistant United States Attorney