UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REGINALD LAMAR BROWN, Petitioner.

**Case No. 3:18-cr-89-MMH-MCR
3:23-CV-1093-MMH-MCR**

V.

UNITED STATES OF AMERICA, Respondent.
_____/

**PETITIONER'S REPLY BRIEF IN OPPOSITION TO GOVERNMENT'S RESPONSE TO MOTION TO SUPPLEMENT AND REQUEST FOR EVIDENTIARY HEARING**

## I. INTRODUCTION

Petitioner, Reginald Brown, respectfully submits this Reply in opposition to the Government's assertion that (1) the §2255 motion is "ripe" for decision, (2) supplementation is unwarranted, and (3) the proffered evidence is immaterial and unauthenticated.

The Government's position ignores controlling precedent from the United States Court of Appeals for the Eleventh Circuit requiring an evidentiary hearing where

1

material facts are in dispute. It further disregards constitutional violations arising from ineffective assistance of counsel and prosecutorial misconduct, including the failure to correct false or misleading testimony.

At issue is a material document authored by Jane Bouda that:

- Confirms inspection and authorization of funds
- Contradicts the Government's financial loss theory
- Was withheld from the jury, the Court, and the defense expert

The Government's attempt to avoid factual development by labeling the document "unauthenticated" is legally insufficient. The Government's assertion that this matter is "unequivocally ripe" for decision is incomplete and misleading in light of ongoing, material proceedings that bear directly on the issues raised in Petitioner's §2255 motion. Specifically, there remain substantial and unresolved concerns, including a pending order appointing counsel under the Criminal Justice Act to represent Petitioner on appeal, as well as active proceedings before the United States Court of Appeals for the Eleventh Circuit. That court has expressly directed supplemental briefing on whether a district court exceeds its authority under the Mandatory Victims Restitution Act by substituting a party in a restitution order after sentencing, and what evidentiary showing is required to support such action. These issues go to the core of the financial determinations and restitution

2

framework challenged in Petitioner's filings. In this posture, it is neither procedurally sound nor legally appropriate to characterize the §2255 proceedings as fully ripe, as doing so ignores parallel appellate directives, unresolved factual and legal questions, and the necessity of coordinated judicial review to avoid inconsistent or incomplete adjudication.

**The Government's assertion that this matter is "ripe" and that all briefing is closed ignores a fundamental legal defect that remains unresolved and dispositive. The failure of the Government, the Court, and defense counsel to address *Honeycutt v. United States*, 581 U.S. 443 (2017), is not a procedural omission that can be cured by declaring the case ripe it is a substantive error that goes to the legality of the forfeiture and restitution orders themselves. Under binding Eleventh Circuit precedent, forfeiture is unlawful absent proof that the defendant personally obtained or controlled the proceeds, and courts have an independent obligation to ensure that forfeiture orders comply with statutory limits, even where the issue was not raised below. Accordingly, the Eleventh Circuit routinely reviews such errors under the plain error standard and has vacated forfeiture orders where *Honeycutt* was not applied. Moreover, where restitution is premised on a loss that did not exist or was extinguished such as through SBA reimbursement, the error is likewise substantive and cannot be insulated by procedural finality. Thus, the**

3

**Government's reliance on "ripeness" and closure of briefing is misplaced, as courts may consider controlling Supreme Court authority and correct unlawful sentences at any stage to preserve the integrity of judicial proceedings.**

## II. THE GOVERNMENT'S "RIPE FOR DECISION" ARGUMENT FAILS

The Government asserts that the §2255 motion is ripe for decision despite:

- A pending request for evidentiary hearing
- Disputed material facts
- Unauthenticated but proffered documentary evidence
- Allegations of ineffective assistance and prosecutorial misconduct
- Pending 2255 filed over two-years

### A. Eleventh Circuit Standard Requires a Hearing

Under *Aron v. United States*, 291 F.3d 708, 714–15 (11th Cir. 2002), a hearing is required where: a petitioner alleges facts that, if true, would entitle him to relief.

Similarly, in *Winthrop-Redin v. United States*, 767 F.3d 1210 (11th Cir. 2014), the court held that dismissal without a hearing is improper where claims are not conclusively refuted by the record.

4

At present, the record does not, and cannot resolve these issues:

- Whether Jane Bouda's letter is authentic

- Whether she misled the Court regarding its existence or contents

- Whether the Government knowingly failed to correct that testimony

- Whether defense counsel withheld the document and failed to use the court-appointed expert

Accordingly, the case is **not ripe**, and the Government's position is contrary to binding precedent.

## B. Two-Year Delay Undermines "Ripeness" Claim

The Government's assertion of ripeness is further undermined by the procedural posture:

- The §2255 motion has been pending for over two years

- The factual record remains undeveloped

- Petitioner has consistently raised these issues, including counsel's failure to address them

A case cannot be deemed "ripe" while **critical factual disputes remain unresolved** and the Court has not permitted the development of evidence necessary to adjudicate constitutional claims.

5

Additionally, there is a pending Court order appointing an attorney to represent me in my appeal pursuant to the Criminal Justice Act to assist in addressing the supplemental briefing issues with the 11th Circuit Court.

The 11th Circuit Court has directed counsel to submit a new appellant brief addressing whether a district court exceeds its authority under the Mandatory Victims Restitution Act (MVRA) by substituting a party in a restitution order after sentencing, and if so, what evidence must be presented. The following issues I believe are central to the appeal:

1. Whether the district court lacked statutory authority under 18 U.S.C. § 3664(o) to substitute the Small Business Administration (SBA) as a restitution recipient years after sentencing.

2. The government's concession that it failed to present sufficient evidence establishing the SBA as a proper MVRA victim.

3. The importance of the government meeting its initial burden under 18 U.S.C. § 3664(e) at sentencing, including proving direct and proximate harm by a preponderance of the evidence.

4. The fact that BizCapital was identified as the victim at trial and sentencing, while the alleged reimbursement by the SBA was not disclosed, and the SBA did not submit a loss statement or otherwise establish itself as a victim.

6

5. Whether any remand should be limited to the existing sentencing record to prevent post-judgment supplementation of evidence.

## III. THE BOUDA LETTER IS MATERIAL AND OUTCOME-DETERMINATIVE

### A. Financial Loss Miscalculation Is a Critical Sentencing Issue

The Eleventh Circuit has repeatedly held that **loss calculations must be accurate and supported by reliable evidence**:

- *United States v. Medina*, 485 F.3d 1291 (11th Cir. 2007) – loss must be based on reliable and specific evidence

- *United States v. Cabrera*, 172 F.3d 1287 (11th Cir. 1999) – speculative loss calculations are reversible error

- *United States v. Foley*, 508 F.3d 627 (11th Cir. 2007) – improper loss calculations require resentencing

Where loss is overstated due to omission of material facts—such as third-party payments or authorized disbursements the sentence is constitutionally unreliable.

### B. SBA Payment to Lender Directly Undermines Loss

The Government failed to disclose that:

7

- The SBA paid the lender

- The financial harm alleged was materially inaccurate

Under Eleventh Circuit precedent, failure to account for such offsets renders loss calculations invalid. See *United States v. Campbell*, 765 F.3d 1291 (11th Cir. 2014) (loss must reflect actual economic harm).

## C. Bouda Letter Confirms Authorized Disbursement

The letter establishes:

- Jane Bouda conducted the inspection

- She authorized release of funds

- No additional inspections were conducted

This directly contradicts any theory of improper or unauthorized financial activity. More importantly, her recollection during trial of the letter she addressed to Katrina Brown.

## IV. PROSECUTORIAL MISCONDUCT: FAILURE TO CORRECT FALSE OR MISLEADING TESTIMONY

The record, as alleged, establishes that:

- Jane Bouda **knowingly misled the Court** when questioned about the letter

8

- The prosecutor, Tysen Duva, **possessed the letter**

- He failed to:

  o Correct the testimony

  o Disclose the document

  o Introduce it into evidence

Under *Giglio v. United States*, 405 U.S. 150 (1972), the Government has an affirmative duty to correct false or misleading testimony.

The Eleventh Circuit has made clear:

- *United States v. Stein*, 846 F.3d 1135 (11th Cir. 2017) – failure to correct false testimony violates due process
- *Ford v. Hall*, 546 F.3d 1326 (11th Cir. 2008) – even unintentional misleading testimony must be corrected

The Government's silence in the face of misleading testimony constitutes a constitutional violation.

**V. INEFFECTIVE ASSISTANCE OF COUNSEL IS CLEARLY ESTABLISHED**

Trial counsel, Thomas Bell:

9

- **Failed to provide the Bouda letter to the Petitioner**

- **Failed to introduce the letter at trial or sentencing**

- **Failed to provide the document to the court-appointed CPA**

- **Failed to utilize the financial expert authorized by Magistrate Judge Klindt**

- **Failed to follow court instructions after concerns were raised in an in-camera hearing**

## A. Deficient Performance

Under *Strickland v. Washington*, 466 U.S. 668 (1984), this conduct falls below any objective standard of reasonableness.

Failure to investigate and present key financial evidence has repeatedly been held deficient. See:

- *Williams v. Taylor*, 529 U.S. 362 (2000)
- *Wiggins v. Smith*, 539 U.S. 510 (2003)

## B. Prejudice

Prejudice is clear:

- The jury never saw the document

- The Court relied on incomplete financial information

- The defense expert was never utilized

There is at least a reasonable probability of a different outcome had the court, and jury was made aware that the city of Jacksonville, Jane Bouda provides a letter releasing the funds after conducting and inspection as required by the grant. Moreover, Tysen Duva, prosecutor failure to disclosed that the SBA had satisfied payment to BizCapital to the court prior to trial.

## VI. AUTHENTICATION REQUIRES A HEARING AND NOT A SUMMARY REJECTION

The Government's claim that the document is "unauthenticated" fails for three reasons:

1. Petitioner **requested a hearing to authenticate the document**

2. The Government **failed to oppose that request**

3. Authentication is a **fact intensive inquiry**

Under Eleventh Circuit law, such issues cannot be resolved without a hearing where the facts are disputed.

11

## VII. DUE DILIGENCE AND TIMELINE SUPPORT PETITIONER

The procedural history further supports relief:

- Petitioner did not receive the letter from counsel

- The letter was later obtained from Katrina Brown

- Petitioner raised the issue in his original §2255 filing over two years ago

- The absence of the document earlier was due to counsel's failure—not Petitioner's lack of diligence

## VIII. CONCLUSION

The Government's opposition rests on procedural avoidance rather than substantive rebuttal. The record is incomplete, material facts are disputed, and constitutional violations have been sufficiently alleged.

Under binding precedent of the United States Court of Appeals for the Eleventh Circuit, this Court should deny relief without first conducting an evidentiary hearing. The record before this Court reflects a fundamental breakdown in the adversarial process. Trial counsel failed to utilize the court-appointed certified public accountant authorized by Magistrate Judge Klindt, failed to provide that expert with critical financial documentation, and failed to present materially exculpatory evidence to the jury or at sentencing. These omissions deprived

12

Petitioner of the very defense the Court approved and rendered the proceedings unreliable. Under controlling precedent from the United States Court of Appeals for the Eleventh Circuit, a proceeding cannot be deemed "fair" where counsel abandons a court-authorized defense strategy and material financial evidence central to loss, restitution, and sentencing is never developed or presented. The Government's assertion of a fair trial is therefore unsustainable considering its knowledge of these deficiencies and the resulting incomplete record.

Equally flawed is the Government's position that this matter is "ripe" for decision while material factual disputes remain unresolved. Petitioner has presented evidence that directly contradicts the Government's financial theory and has requested an evidentiary hearing to authenticate and develop that evidence. Rather than address the merits, the Government relies on a procedural objection labeling the document "unauthenticated" while simultaneously failing to oppose Petitioner's request for a hearing, the very mechanism designed to resolve such issues. Under §2255 and Eleventh Circuit law, a case is not ripe where the record is incomplete and the allegations, if proven, would entitle the petitioner to relief. Declaring ripeness under these circumstances improperly circumvents the Court's obligation to ensure a full and fair review.

13

Finally, the Government's argument that an unauthenticated document cannot justify reopening or supplementing the record misstates the law. Rule 7 expressly permits expansion of the record to include documentary evidence subject to later verification, and authentication is a factual matter appropriately resolved through testimony and evidentiary development not summary dismissal. Petitioners exercised due diligence in bringing this evidence forward and affirmatively sought a hearing to validate it; the Government's failure to respond to that request underscores the necessity of further proceedings. In sum, the interests of justice require that the record be expanded and that an evidentiary hearing be granted so that the truth of these matters may be properly determined.

## IX. RELIEF REQUESTED

Petitioner respectfully requests that this Court:

1. Reject the Government's assertion that the matter is ripe for decision

2. Grant Petitioner's Motion to Supplement the Record

3. Order an evidentiary hearing

4. Permit authentication and admission of the Bouda letter

5. Address the constitutional violations outlined herein

6. Grant such further relief as justice requires

14

Respectfully submitted,

Reginald L. Brown
Petitioner, Pro Se


**Reginald Lamar Brown**
**6167 Bassanova Court**
**Jacksonville, Florida 32209**
**(904)444-2588**
**reginaldlbrown@yahoo.com**

15

# CERTIFICATE OF SERVICE

I hereby certify on March 25, 2026, I electronically filled the foregoing with the Clerk of the Court by using the CM/ECF system. A true and correct copy of the foregoing document and the notice of electronic filling were sent by United States Mail/Hand Delivered on March 25, 2026, to Gregory W. Kehoe and Julie A. Simonsen, United States Attorney (s).

United States Attorney's Office
Middle District of Florida
Julie A, Simonsen, Assistant USA
Gregory W. Kehoe, USA
400 North Tampa Street, Suite 3200
Tampa, Florida 33602

RESPECTFULLY SUBMITTED

REGINALD L. BROWN, pro se
6167 Bassanova Court
Jacksonville, Florida 32209
reginaldlbrown@yahoo.com
(904)444-2588

16